THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

POCONO MEDICAL CENTER d/b/a  :
LEHIGH VALLEY HOSPITAL - POCONO, :
                                         :
        Plaintiff,      :
  v.                               :     3:22-CV-1901
                                         :     (JUDGE MARIANI)
JNESO DISTRICT COUNCIL 1,   :
INTERNATIONAL UNION OF      :
OPERATING ENGINEERS, AFL-CIO :
                                         :
       Defendant.     :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is the Petition to Confirm Arbitration Award filed by Defendant/Petitioner JNESO, District Council 1, International Union of Operating Engineers, AFL-CIO (hereinafter the "Union"). (Doc 4-2). The Petition[1] was included within the Union's filing of a document entitled "Notice of Motion to Confirm Arbitration Award and to Dismiss Complaint" (Doc. 4). The Union seeks confirmation of the Arbitration Award of Arbitrator Louis P. Verrone, dated November 3, 2022 (Doc. 1-2). The Arbitrator's Opinion & Award sustained the Union's grievance and issued a remedy requiring Pocono Medical Center, d/b/a Lehigh Valley Hospital – Pocono (hereinafter "LVHP") to take the "affirmative remedial

---

[1] Though the Union's request for confirmation of the Award is labeled as a "Petition", it is properly designated as a Motion. See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh, 19 F.4th 308, 319 (3d Cir. 2021) (noting that in IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 307-308 (3d Cir. 2006) "[w]e concluded that IFC's application for confirmation of an arbitration award was a motion, not a pleading, notwithstanding the fact that it was labeled a 'petition.'").

steps outlined in the Remedy portion of this Opinion & Award." (*See id.* at 31). Further, the Arbitrator retained jurisdiction "over all remedial aspects of th[e] Award" as described in the Remedy portion the Opinion and Award. (*Id.*).[2]

As noted above, the Union moves pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* to confirm the Verrone Arbitration Award.

For the reasons the follow, the Union's "Petition to Confirm the Arbitration Award" will be granted.

## II. PROCEDURAL HISTORY

The Union and LVHP are parties to a collective bargaining agreement for the period February 1, 2021 through January 31, 2024 (Doc. 1-1). The Collective Bargaining Agreement ("CBA") contains a provision for arbitration, Article 18, which provides for the resolution of unresolved grievances filed in accordance with the grievance procedure of Article 17 through final and binding arbitration with such arbitration to be conducted in accordance with the Labor Arbitration Rules of the American Arbitration Association. (*See id.* at Art. 18, §§ 18.1, 18.3, 18.4).

In the present action, LVHP filed a Complaint and Motion to Vacate Arbitration Award (Doc. 1). The Union thereafter sought to confirm the Arbitration Award and to dismiss the Complaint filed by LVHP (*see* Docs. 4, 4-2). LVHP and the Union agreed to

---

[2] Prior to addressing the present motion, the Court issued a Memorandum Opinion and Order granting the Union's Motion to Dismiss LVHP's Complaint and Motion to Vacate. The Court incorporates herein the extensive description of the contents of Arbitrator Verrone's Opinion & Award.

treat the Union's motion seeking confirmation of the Award as seeking both dismissal of LVHP's Complaint as well as confirmation of the Award. (*See generally*, Doc. 19) (telephonic conference with the Court and counsel held on July 11, 2023, wherein counsel confirmed their agreement that the Union had filed a motion both to confirm the award and also a motion to dismiss LVHP's complaint to vacate).

By Memorandum Opinion and Order, this Court granted the Union's Motion to Dismiss LVHP's "Complaint and Motion to Vacate Arbitration Award". Now before the Court is the Union's Motion to Confirm the Arbitration Award.

### III. ANALYSIS

Under well-established case law, a final and binding arbitration award which has not been vacated, modified, or corrected must be confirmed. *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) ("'[A] court must confirm an arbitration award unless it is vacated, modified or corrected.'") (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). *See also Teamsters Local 177 v. United Parcel Service*, 966 F.3d 245, 252 (3d Cir. 2020) ("The FAA explicitly requires that arbitration awards be confirmed. What could be stronger than language that, upon application, a district court 'must grant [a confirmation] order' unless the arbitration award is 'vacated, modified, or corrected.'").

Thus, this Court, having declined to vacate, modify, or correct the Arbitration Award for the reasons set forth in its Memorandum Opinion dismissing LVHP's Complaint and

Motion to Vacate the Award, must now confirm the Arbitration Award provided that the Award is "final."

In *PG Publishing, supra*, the Third Circuit, in determining the finality of an Arbitration Award, first noted that "we have held that an award is not final if the arbitrators have decided liability but not the remedy when they are authorized to decide both issues." 19 F.4th at 322. Here, Arbitrator Verrone decided both the liability and remedy issues which were jointly submitted to him by the parties.

The Court in *PG Publishing*, further declared:

> We have not previously articulated a test for when an award is final but are persuaded by the approach taken by our sister circuits. Like them, we hold that an arbitration award is final if it "evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration," *Fradella [v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999)], and it "resolve[s] them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box [Inc. v. Noble Gift Packaging,* 157 F.3d 174, 176 (2d Cir. 1998)] (emphasis in original).

*Id.* at 322-323. Finally, the Circuit Court found the Arbitration Award before it to be final, reasoning as follows:

> Here, the December 2019 Award unambiguously indicates that it is a final determination of all the issues the parties authorized them to decide. The December 2019 Award determined that the Union's grievance was arbitrable and that PG, as the Union contended, breached the parties' CBA. It provided a forward-looking remedy, directing PG to begin meeting its contractual obligations under the CBA. It also prescribed a specific retroactive remedy: "Employees shall be made whole for any out-of-pocket monies paid as a result of the Employer's failure to maintain the contractual level of benefits." It ended with the note that the Award was "final and binding." The Award reserved jurisdiction only "for the limited purpose of resolving any disputes that may arise

in the implementation of the remedy granted ... herein." As the Seventh Circuit said in *McKinney*: "That is the language of a final award." [*McKinney Restoration, Co., Inc. v. Ill. Dist. Couns. No. 1 of Int'l Union of Bricklayers and Allied Craftworkers,* 392 F.3d 867, 872 (7th Cir. 2004)].

*Id*. at 323.

The Third Circuit's reasoning in *PG Publishing,* compels a determination here that the Verrone Arbitration Award is indeed final. Like the Arbitration Award at issue in *PG Publishing*, the Verrone Arbitration Award determined that the Union's grievance was arbitrable and that LVHP breached the parties' CBA. The Arbitration Award provided a "forward-looking remedy" directing LVHP to comply with its contractual obligations prospectively by, *inter alia*, rescinding the letters it issued to nurses changing their positions. In addition, while not awarding back pay, the Award ordered a remedy of an offer of reinstatement for those nurses who resigned because they were unable to work the changed shifts which LVHP sought improperly to impose upon them. Finally, similar to *PG Publishing*, the Arbitrator retained jurisdiction over "all remedial aspects of this Opinion and Award", which was limited to "any further dispute between the parties as to the application of the remedial provisions ordered herein, including issues as to eligibility for reinstatement," (Doc. 1-2, at 30). As the Court in *PG Publishing* said of the Award thereunder consideration for finality, "that is the language of a final award", 19 F.4th at 323.

## IV. CONCLUSION

For the foregoing reasons, the Union's Motion to Confirm the Award will be granted and the Arbitration Award of Arbitrator Louis Verrone will be confirmed. A separate Order of confirmation follows.

_____
Robert D. Mariani
United States District Judge